UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| SUE POWELL-KINCAID, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CASE NO. 7:06-cv-0096-R |
| | § ECF |
| GROUP VOYAGERS, INC.; | § |
| GLOBUS TRAVEL SERVICES, S.A.; | § |
| TOURAMA LIMITED; | § |
| SANTA LUCIA TAXI COMPANY; | § |
| MARISSA DOE; and | § |
| JOHN DOE, | § |
| | § |
| Defendants. | § |

**MEMORANDUM OPINION AND ORDER TRANSFERRING CASE**

Before the Court is Defendant Group Voyagers, Inc. ("GVI") **MOTION TO DISMISS** pursuant to FRCP Rule 12(b)(2) or alternatively, **MOTION TO TRANSFER** pursuant to FRCP Rule 12(b)(3) (filed January 12, 2007) (Dkt.6). After careful consideration of all parties' submissions and the law applicable to the issues before the Court, the Court DENIES the Motion to Dismiss and **GRANTS** the Motion to Transfer and transfers this case to the United States District Court of Colorado.

**I. BACKGROUND**

Plaintiff Sue Powell-Kincaid seeks to recover for personal injury alleged to have been sustained by her in debarking from a water taxi in Venice, Italy. Kincaid purchased a group vacation package to Italy organized by Defendant GVI. The terms and conditions of the package included a forum-selection clause mandating Colorado as the venue for any claim against Defendant GVI arising from the purchased trip.

GVI has filed a motion to dismiss based on GVI's contention that Texas courts lack in

personam jurisdiction and an alternative motion to transfer venue based on the forum selection clause.

## II. ANALYSIS

To invalidate a forum selection clause, the plaintiff must show that (1) the clause results from fraud or overreaching, (2) it violates a strong public policy, or (3) the enforcement of the clause would deprive the plaintiff of his day in court. *Mitsui & Co. (USA) v. Mira M/V*, 111 F.3d 33, 35 (5th Cir.1997). The party resisting enforcement of the forum -selection clause bears a "heavy burden of proof" that the contractual forum should be avoided. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 17 (1972).

Plaintiff argues that the clause is unenforceable because it requires mediation, it shortens the statute of limitations, and attempts to exonerate GVI from liability. The Court finds these arguments unconvincing. The Plaintiff has neither argued nor presented any evidence that the clause was a product of fraud or bad-faith, or that its enforcement contravenes public policy. THEREFORE, Defendant's Motion to Transfer is GRANTED.

## III.  ORDER

It is therefore ORDERED that Defendant GVI's Alternative Motion to Transfer (Dkt. 6) is GRANTED, and this case is TRANSFERRED to the United States District Court for the District of Colorado, pursuant to 28 U.S.C. § 1404(a).[1]

The Clerk will mail a copy of this Order of Transfer to the Clerk of the United States District Court for the District of Colorado, and shall notify all parties and provide them with a true copy of this Order.

---

[1] See Jackson v. West Telemarketing Corp. Outbound, 245 F.3d 518, 522-23 (5th Cir. 2001) (§1404 is appropriate vehicle for transfer based on forum-selection clause.)

    The Clerk will enter this Order and send copies to all counsel of record.

**It is so ORDERED.**

    **ENTERED: June 8th, 2007.**

*(signed) Jerry Buchmeyer*

---

**JERRY BUCHMEYER,**
**SENIOR U.S. DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**